UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DONA DICKSON,

                  Plaintiff,

    v.

WALMART, INC.,

                  Defendant.

Case No. 2:23-cv-01386-MMD-NJK

ORDER

## I.    SUMMARY

In this removed action, Plaintiff Dona Dickson filed a motion to remand ("Motion"), contending that removal was improper because Defendant Walmart has not established complete diversity of citizenship.[1] (ECF No. 7.) Because Plaintiff has adequately alleged that "Doe Employee(s)" and "Doe Manager(s)" are real defendants who reside in Nevada and that their identities are in Walmart's possession and control, the Court finds that Walmart has not met its burden to establish that removal is proper. The Court will thus grant Plaintiff's Motion.

## II.    BACKGROUND

On July 17, 2023, Plaintiff Dickson filed her complaint in the Eighth Judicial District Court of Clark County, Nevada, bringing claims for negligence, premises liability, and negligent hiring, training, retention and supervision. (ECF No. 1-2 ("Complaint").) Dickson seeks damages from Walmart, Doe Employees I-V and Doe Managers V-X. (*Id.* at 5-10.) Her Complaint also lists Does X-XX and Roe Corporations I-XX as Defendants. (*Id.* at 1.) Plaintiff alleges that on July 18, 2021, she slipped on an unknown liquid substance as a business invitee in Walmart Store No. 3350 in Las Vegas, severely injuring her knee. (*Id.* at 4-5.) She further alleges that Defendant Employees and Managers, acting in the scope

---

[1]Walmart opposed the Motion (ECF No. 8), and Plaintiff replied (ECF No. 9).

1    of their employment, negligently created or contributed to dangerous conditions on the
2    premises directly or in their supervisory capacities. (*Id.* at 4-6.)

3        Plaintiff is a citizen of Nevada, and Walmart is a corporate citizen of Delaware and
4    Arkansas. (ECF Nos. 1-2 at 2, 6 at 2.) Plaintiff asserts that Doe Employees and Managers
5    "are, and at all relevant times herein were, residents of the County of Clark, State of
6    Nevada." (ECF No. 1-2 at 2.)

7        On September 7, 2023—within 30 days of the date on which Plaintiff filed a request
8    from exemption from arbitration putting Walmart on notice that alleged damages
9    exceeded $75,000—Walmart removed on the basis of diversity jurisdiction. (ECF Nos. 1,
10   6.) Plaintiff moved to remand on the ground that Doe Employees and Managers are
11   residents of Clark County, Nevada, and thus that Walmart has not met its burden to
12   establish complete diversity of citizenship. (ECF No. 7.)

13   **III.    DISCUSSION**

14       The party asserting federal subject matter jurisdiction based on diversity of
15   citizenship must show (1) complete diversity of citizenship among opposing parties and
16   (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Removal
17   based on diversity is subject to the forum defendant rule: "[a] civil action otherwise
18   removable solely on the basis of the jurisdiction under section 1332(a) of this title may not
19   be removed if any of the parties in interest properly joined and served as defendants is a
20   citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2). Courts
21   strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction
22   must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*
23   *v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the
24   burden of establishing that removal is proper. *See California ex rel. Lockyer v. Dynegy,*
25   *Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

26       Here, the parties do not dispute that Plaintiff meets the amount in controversy
27   requirement, nor that Dickson and Walmart are diverse from one another. (ECF No. 8 at
28   3.) They contest only whether there is complete diversity among parties given the

inclusion of Doe Defendants in the Complaint. (*Id.*) Plaintiff argues that Doe Managers and Employees defeat diversity and destroy federal subject matter jurisdiction because upon information and belief, they are residents of Clark County, Nevada. (ECF No. 7 at 3.) Plaintiff emphasizes that Doe Defendants' citizenship is all-but certain because they worked in Las Vegas at the time of her injury. (*Id.* at 7-10.) Moreover, Walmart presumably has access to their names and addresses, and Plaintiff argues she will inevitably obtain this information during discovery. (*Id.* at 3-4.) Walmart argues in response that (1) the plain language of 28 U.S.C. § 1441(b)(1) mandates that the Court disregard the citizenship of Doe Employees and Managers, and (2) even if Plaintiff eventually identifies Doe Employees and Managers, they should not be named as parties in this suit because any alleged misconduct occurred in the scope of employment and only Walmart's liability is at issue under a theory of respondeat superior. (ECF No. 8 at 3, 5.) The Court considers each argument.

### A.    Fictitious Defendants in Section 1441 Removal Actions

As amended by the Judicial Improvements and Access to Justice Act in 1988, 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." While Walmart argues that the plain language of the statute resolves the question and prohibits all further consideration of Doe Defendants' alleged Nevada citizenship, the issue of how to determine whether a defendant is truly "fictitious" is a live one among district courts. (ECF Nos. 7 at 7-10, 8 at 4.) The question "'remains convoluted and unsettled,' due in large part to exceptions created by the Ninth Circuit." *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020) (quoting *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020)).

Many courts in this Circuit differentiate between purely "fictitious" Doe defendants, whose citizenship must be disregarded, and "real" Doe defendants whose identities are

ascertainable.[2] "While some courts find the language of § 1441 preclusive . . . others find a distinction exists between 'fictitious' and real party Does that requires greater scrutiny." *Johnson*, 475 F. Supp. 3d at 1083 (citing *Goldsmith*, 2020 WL 1650750, at *4); *Gardiner Family*, 147 F. Supp. 3d at 1036. Courts in the latter category assess whether the "[p]laintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family*, 147 F. Supp. 3d at 1036. *See also Robinson v. Lowe's Home Centers, LLC*, No. 1:15-CV-1321-LJO-SMS, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015); *Johnson*, 475 F. Supp. 3d at 1084; *Sandoval v. Republic Servs., Inc.*, No. 218 CV 01224-ODW (KSX), 2018 WL 1989528, at *3-4 (C.D. Cal. Apr. 24, 2018).

Courts have also more readily considered Doe defendants' citizenship when such defendants are under a named defendant's control—including when they are employees of a named defendant. "[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who *acted as the company's agent*, the court should consider the citizenship of the [fictitious] defendant." *Collins v. Garfield Beach CVS, LLC*, Case No. CV 17-3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal June 26, 2017) (quoting *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995)) (emphasis added). More broadly, courts have considered Doe citizenship when a named defendant knew or should have known the fictitious defendant's identity. *See id. See also Marteney v. Eastman Outdoors, Inc.*, No. 2:14-cv-351-JCM-PAL, 2014 WL 4231366, at *3 (D. Nev. Aug. 26, 2014) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1175-76 (9th Cir. 1969)) (finding that a defendant could not ignore an unserved non-diverse co-defendant in seeking to remove a case to federal court based on diversity); Charles A. Wright & Arthur R. Miller, Removal

---

[2] Walmart argues that considering Doe citizenship "ignore[s] the express mandate of the Ninth Circuit Court of Appeals set forth in *Bryant III*." (ECF No. 8 at 3.) *See Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir.1989). However, in practice the Ninth Circuit's mandate is far from clear. In *Bryant III*, "[t]he Ninth Circuit abrogated it's overruling [in *Bryant II*] of all the cases creating exceptions to the general rule on Doe pleading" and thus, "various exceptions live on." *Gardiner Family, LLC v. Crimson Resource Management Corp.*, 147 F. Supp. 3d 1029, 1035 (E.D. Cal. 2015)).

Based on Diversity of Citizenship and Alienage Jurisdiction, 14C Federal Practice & Procedure § 3723 (summarizing relevant case law and noting that "if the defendants are better equipped than are plaintiffs to ascertain the Doe defendants' citizenship, or if the Doe defendant is an agent of a company, a few federal courts have permitted the actual identity of a non-diverse Doe defendant to destroy diversity jurisdiction upon removal").

In sum, not all unnamed defendants are equally "fictitious" for citizenship purposes under Section 1441. When a plaintiff identifies a Doe defendant with sufficient detail to strongly suggest that they are in fact a "real" defendant possessing diversity-destroying citizenship—and the identity of a diversity-destroying defendant is in the exclusive possession and control of a named defendant—principles of fairness and judicial efficiency counsel against allowing a named defendant to litigate in federal court pending discovery. *See Collins*, 2017 WL 2734708, at \*2; *Marteney*, 2014 WL 4231366, at \*3.

Here, Doe Employees and Doe Managers are or were agents of a Las Vegas Walmart, living in Nevada at the time Plaintiff was injured. (ECF No. 1-2 at 2-5.) It is almost certain that one or more of the Doe Defendants in question were citizens of Nevada at the time the Complaint was filed or when the action was removed. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (emphasizing that complete diversity among the parties must exist both when the complaint is filed and when the action is removed). The Court is also satisfied that Plaintiff identifies at least some Doe Defendants with enough specificity to give "definite clues" as to their "relationship to the action." *See Collins*, 2017 WL 2734708, at \*2. Plaintiff identifies the exact day her injury occurred and identifies the Doe Employees and Managers as those responsible for creating dangerous conditions through mopping, sweeping, and other cleaning activities and supervision related to that day. (ECF No. 1-2 at 2-5.) And cleaning schedules, records, and employee name and address information is in Walmart's possession and control. As a result, the Court agrees with Plaintiff that it wastes judicial resources "to allow removal simply because Defendant has yet to provide [information] about their own

1  employees in order to permit service upon said employees, and, in the process, destroy

2  diversity jurisdiction." (ECF No. 7 at 10.)

3      Plaintiff's Doe allegations can be distinguished from the allegations in numerous

4  cases leading sister courts to disregard Doe citizenship. *See Conerly v. Liberty Mut. Ins.*

5  *Co.*, No. 2:23-CV-515-GMN-EJY, 2023 WL 4494422, at *2-3 (D. Nev. June 29, 2023)

6  (finding that there was no "definite clue" about Doe identities where plaintiff only generally

7  alleged their relationship to defendant insurance company and attempted to shoehorn

8  new factual allegations about Doe involvement into a first amended complaint); *Johnson*

9  *v. Walmart, Inc.*, No. 2:21-CV-08662-ODW (GJSx), 2022 WL 2355185, at *2-3 (C.D. Cal.

10  June 30, 2022) (finding that identification of a manager was inadequately specific, but

11  highlighting that Plaintiff "has been unable to supplement [Doe defendant's] identity, even

12  after conducting discovery"); *Gardiner Family*, 147 F. Supp. 3d at 1036 (finding that "Does

13  1 through 50" were fictitious when the complaint gave no details about possible identity

14  and no "other information from which the [c]ourt could glean this information"); *Robinson*,

15  2015 WL 13236883, at *4 (disregarding Doe citizenship in a similar case involving a

16  plaintiff's fall in a store, but noting that "[t]he analysis would be different if . . . Plaintiff had

17  alleged that the Doe Defendants were California citizens, or provided some information

18  about their involvement in the case").[3] Resolving all ambiguity in favor of remand, the

19  Court finds that Doe Managers and Employees are not purely fictitious, and are

20  sufficiently identifiable to justify consideration of their Nevada citizenship.

21      **B.  Independent Doe Employee and Manager Liability**

22      Walmart argues that "[e]ven if Plaintiff could eventually name the currently fictitious

23  defendant to include Walmart DOE Managers and DOE Employees, the allegations

24  against [them] should not be valid because Defendants were working in this course and

---

26  [3]The Court acknowledges that some sister courts have disregarded Doe

27  citizenship even when more details are known about Does—including their first names—than are available here. *See, e.g.*, *Green v. Doe*, No. 1:22-CV-0435 JLT EPG, 2023 WL 4074775, at *5 (E.D. Cal. June 20, 2023) (finding in a similar case involving a fall in

28  Walmart that "when plaintiff does not know the 'full identity' of a defendant, such a person may be deemed a fictitious defendant"). Even balancing these cases, the Court finds that the high burden applied to parties seeking removal weighs in favor of remand.

scope of their employment at the time of the subject incident" and "Plaintiff may only continue to pursue her claims against Walmart under *respondeat superior.*" (ECF No. 8 at 5.) Plaintiff maintains that she has adequately pled a specific and independent negligence cause of action against individual Doe Defendants. (ECF No. 7 at 7.) Again resolving ambiguity in favor of remand, the Court agrees with Plaintiff that a state court could reasonably find that valid negligence causes of action exist against resident employee and manager defendants.

Where "there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir.2003) (per curiam)). A Nevada negligence claim "requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entertainment, LLC*, 180 P.3d 1172, 1175 (Nev. 2008).

Walmart fails to cite binding authority to support its position that Plaintiff cannot state an independent negligence claim against Doe agents because "[i]f an employee is found to be within the scope of their employment, they owe no individual duty to the Plaintiff." (ECF No. 8 at 5.) While generally agents are not liable when they breach a duty owed *only* to a principal, employees may be liable for individual torts when they breach an independent duty—even if the conduct occurred during the scope of employment. *See Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-CV-1650-JCM-PAL, 2013 WL 596098, at *3 (D. Nev. Feb. 15, 2013) (quoting *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765 (7th Cir. 2009)) ("Whether the employer is held vicariously liable for the agent's conduct . . . does not affect the agent's independent tort liability"). Walmart relies on *Aleck v. ZB Nat'l Ass'n*, 485 P.3d 210, (Nev. 2021), to support its position. But in *Aleck*, the Nevada Supreme Court *limited* the extent to which corporate liability precludes individual liability, finding that bank tellers could owe independent duties to customers who were

7

1  known primary parties while also declining to broadly limit tort liability for actions

2  undertaken in the scope of employment. *See id*. *See also Sanchez v. Wal-Mart Stores,*

3  *Inc.*, 221 P.3d 1276, 1281 (Nev. 2009) ("[I]n the context of professional relationships, the

4  duty element of negligence [can] be established in one of two ways: (1) a plaintiff having

5  a direct relationship with the defendant, or (2) by establishing that the plaintiff is a known

6  or identifiable third party to whom the defendant owes a legal duty."); *Whitmore v.*

7  *Statguard, LLC*, No. 09-CV-01414-REB-MEH, 2009 WL 5216941, at *3 (D. Colo. Dec. 30,

8  2009) (finding that agents were not nominal parties because neither the doctrine of

9  respondeat superior not the legal fiction of corporate existence barred the potential for

10  individual liability, even where an individual was acting as a representative of a

11  corporation that could also be held vicariously liable).

12          Here, the Court is satisfied that a Nevada court may reasonably find that Plaintiff

13  has pled a specific and independent negligence claim against Doe Employees and

14  Managers.[4] Plaintiff alleges in her Complaint that Doe Defendants owed an individual

15  duty to not contribute to dangerous conditions, that they breached this duty through their

16  actions with regard to hazards on the premises, and that this breach directly and

17  proximately caused Dickson's injury and damages: "Defendants are jointly and severally

18  liable for causing . . . the creation of the subject dangerous condition . . . a foreign

19  substance on Defendants' floor, and for causing and/or contributing to Plaintiff's injuries,

20  treatment, and damages . . . ." (ECF No. 1-2 at 4.) A state court could further determine

21  that Plaintiff, as a customer, is a known and identifiable third party owed a duty. *See*

22  *Aleck*, 485 P.3d. While the Court acknowledges that some of Plaintiff's allegations against

23

24

25          [4]Walmart may imply—although it does not directly argue—that Doe Employees
26  and Managers should be disregarded because Walmart is better positioned to satisfy a
   judgment and thus to afford complete relief. While this may be true, it is not a sufficiently
   compelling reason to disregard Defendant citizenship here. *See, e.g.*, *Frontier Airlines,*
27  *Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399 (D. Colo. 1989) (finding that a district
   court could not disregard a properly joined regional manager defendant simply because
28  a nonresident corporate defendant had the capital reserves to satisfy the judgment).

1   Does are comparatively sparse,[5] it finds that Walmart has failed to meet its high burden

2   to overcome the strong presumption against removal. *See Gaus*, 980 F.2d at 566-67.

3   **IV.   CONCLUSION**

4           The Court notes that the parties made several arguments and cited to several

5   cases not discussed above. The Court has reviewed these arguments and cases and

6   determines that they do not warrant discussion as they do not affect the outcome of the

7   motion before the Court.

8           It is therefore ordered that Plaintiff's motion for remand (ECF No. 7) is granted.

9           It is further ordered that this case is remanded and the Clerk of Court is directed

10  to close the case.

11          DATED THIS 21st Day of December 2023.

12

13  _____

14  MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25           [5]Plaintiff brings a claim for negligent hiring, retention, and supervision of
    employees. Under Nevada law, a plaintiff asserting this claim must establish that: "(1)
26  defendant owed a duty of care to the plaintiff; (2) defendant breached that duty by hiring,
    retaining, or supervising an employee even though defendant knew, or should have
27  known, of the employee's dangerous propensities; (3) the breach was the cause of
    plaintiff's injuries; and (4) damages." *Peterson v. Miranda*, 57 F. Supp. 3d 1271, 1280 (D.
28  Nev. 2014) (applying Nevada law). The Complaint contains sparse facts to demonstrate
    that supervisors knew of employees' "dangerous" propensities.

9